

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KEMUEL LINDSEY,                §
                              §
        Plaintiff,             §
                              §
v.                            §        2:18-CV-159-Z
                              §
NFN ELLESSE,                  §
                              §
        Defendant.             §

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

This is a civil rights action brought by KEMUEL LINDSEY, a Texas inmate appearing

*pro se*, against employees of the Texas Department of Criminal Justice ("TDCJ") pursuant to 42

U.S.C. § 1983. Plaintiff is an inmate confined in the Clements Unit of TDCJ in Amarillo, Texas.

Plaintiff has filed an application to proceed *in forma pauperis*. While incarcerated, Plaintiff has

filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim.

Plaintiff has not shown that at the time of the filing of this lawsuit, he was "under imminent danger

of serious physical injury." Therefore, this action is **DISMISSED** as barred by the three-strike

provision of 28 U.S.C. § 1915(g).

### PETITIONER'S ALLEGATIONS

In support of his Complaint, Plaintiff presents the following allegations:

1.    Plaintiff claims that on July 11, 2018, Defendant, Nurse NFN ELLESSE, was
      distributing medication and food to his cell. Plaintiff claims that he complained that
      his blood pressure was high, and NFN ELLESSE just walked away from his cell
      without providing any treatment or follow-up care.

2.    Plaintiff does not assert that he suffered any injury as a result of the single-instance
      denial of medical care. Further, he claims he is suing for nominal and punitive
      damages, not for compensatory damages as a result of injury.

The PLRA, enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 28 U.S.C. § 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id.*

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-23 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as outlined herein; thus, Plaintiff is barred from proceeding *in forma pauperis* as he requests.

A review of PACER reflects that Plaintiff had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

1. *Lindsey v. Morris*, No. 7:16-CV-87 (N.D. Tex.-Wichita Falls) (dismissed on December 14, 2016 as frivolous — no appeal taken);

2. *Lindsey v. Martin*, No. 7:17-CV-13 (N.D. Tex.-Wichita Falls) (dismissed on February 14, 2017 for failure to state a claim upon which relief can be granted — no appeal taken);

3. *Lindsey v. Munguia*, No. 7:17-CV-14 (N.D. Tex.-Wichita Falls) (dismissed on February 14, 2017 as frivolous — no appeal taken);

4. Plaintiff has filed numerous lawsuit that were dismissed based on his failure to comply with court orders as well.

Plaintiff also fails to meet the very limited exception that he was under imminent danger of serious physical injury at the time he filed this lawsuit. Plaintiff complains of a single instance where he was denied medical care. He does not indicate that he suffered any injury or that the denial of medical care is part of a pattern. Further, he was not in imminent danger *at the time* his lawsuit was filed, as required to meet the limited exception to the three-strike provision of the PLRA.

For the above reasons, the complaint filed by Plaintiff KEMUEL LINDSEY is **DISMISSED** as barred by the three strikes provision of 28 U.S.C. § 1915(g). This dismissal is **without prejudice** to plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

**SO ORDERED**.

February *6*, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE